**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**DOCKET NO.: 1:25-cv-13590**

COSTAS PROVISIONS CORP
Plaintiff
vs.

COYOTE LOGISTICS, LLC (a UPS Company);
LINEAGE LOGISTICS, LLC;
HH TRUCKING ONE, INC.;
FAST FREIGHT SOLUTIONS LLC;
Defendants

## PLAINTIFF'S COMPLAINT

### Introduction

This is an action for arising from inter alia breach of contract and breach of Carmack Amendment of the Interstate Commerce Act (49 U.S.C. §14706) causing Plaintiff to suffer damages from the loss of goods by the Defendants as shippers. Additionally, Plaintiff complains against co-Defendants interstate transporters for losses caused by the Defendants' negligence and violations of the Doctrine of Good Faith and Fair Dealings causing the Plaintiff to suffer damages by financial loss, legal fees and costs. Plaintiff files this action seeking recovery.

### Summary of Claims / Counts I-VI

Count I – Violations of the "Carmack" Amendment under 49 U.S.C. §14706 (against all Defendants)
Count II – Negligence (against all Defendants)
Count III – Violation of Doctrine Good Faith and Fair Dealings (against all Defendants)

### The Parties

1. Plaintiff, COSTAS PROVISIONS CORP, is a registered Massachusetts Corporation operating from its headquarters at 255 Southampton Street, Boston, Massachusetts 02118 (Suffolk County) and hereinafter referred to as "Costas" or "Plaintiff".

2. Defendant COYOTE LOGISTICS LLC (a UPS Company) is freight forwarder and shipping broker located at 960 North Point Parkway, Suite 150, Alpharetta, GA 30005 (hereinafter known as "Coyote").
3. Defendant LINEAGE LOGISTICS LLC is a shipper operating from 367 Long Creek Road, Sunnyvale, TX 75182 (hereinafter known as "Lineage").
4. Defendant HH TRUCKING ONE, INC. is a shipper and trucking company operating from 938 Pipit Street, Lathrop, CA 95330 (hereinafter known as "HH Trucking").
5. Defendant FAST FREIGHT SOLUTIONS LLC is freight forwarder and motor carrier (MC-559699) operating from 111 FFX Way Windber, Windber, PA 15963 (hereinafter known as "Fast Freight").

## Jurisdiction

6. This Court has jurisdiction in this commercial dispute by diversity of jurisdiction under 28 USC §1332, since the Plaintiff is a Massachusetts corporation and the Defendants are each from different states respectively including but not limited to California, Pennsylvania, Georgia, and Texas. Plaintiff further invokes the Court's jurisdiction under the Carmack Amendment of the Interstate Commerce Act (49 U.S.C. §14706) and by supplemental jurisdiction under 28 USC §1367(a) over any and all state law claims and as against all parties or actions related to said claims or the original jurisdiction of this Court as set forth above. Plaintiff asserts damages in excess of $75,000.00 (See Civil Cover Sheet reflecting damages of $615,067.63 ($294,208.04 + $320,859.59) (USD).

## Venue

7. Pursuant to 28 USC §1391 (a), (b) and (c) venue is proper in the District of Massachusetts as the judicial district lies between the parties and the Plaintiff is registered with the MA Division of Corporation as doing business in Massachusetts with its resident agent registered in Boston, Massachusetts. The Defendants freely

and voluntarily elected to do business in the Commonwealth of Massachusetts, and violations of 49 USC §14706 (Carmack Amendment) are authorized in any U.S. Federal District Court.

## Background

8. On or about December 7, 2023, the Plaintiff Costas Provisions Corp. purchased several thousand pounds of steak from John Soules Meat located in Texas
9. Under the purchase agreement, John Soules Meat as seller delivered the steaks to cold storage in Sunnyvale, TX to a facility managed or operated by Defendant Lineage Logistics LLC as cold storage transporter.
10. Plaintiff Costas Provisions Corp. retained the services of Defendant Coyote Logistics LLC under contract to ship the steak truckload from Texas cold storage in Sunnyvale, Texas to cold storage in Massachusetts.
11. On or about December 7, 2023, Defendant Coyote Logistics LLC placed Costas Provisions Corp. shipping contract with Co-Defendants LINEAGE LOGISTICS LLC that later retained the services of Co-Defendants HH TRUCKING ONE, INC. and FAST FREIGHT SOLUTIONS LLC as motor carriers for the shipments.
12. On or about December 19, 2023, the truckload of steaks shipped to Plaintiff Costas Provisions Corp. was lost and believed stolen without recovery.
13. The first truckload of steaks lost or stolen had a market value of $294,208.04.
14. On or about January 15, 2024, Plaintiff Costas Provisions Corp. again relying on the Defendants COYOTE, LINEAGE, and carriers HH TRUCKING ONE, INC. and FAST FREIGHT SOLUTIONS LLC suffered another lost or stolen truck load of steaks causing Plaintiff financial losses.
15. Plaintiff submitted a second claim for damages in the amount of $320,859.59.
16. Both claims by Plaintiff Costas Provisions Corp. were rejected by the Defendants or the Defendants avoided the claim process.
17. Both claims were investigated by local Texas police who determined that loss occurred during the Defendants' care and custody of the two truckloads of steaks.

18. Plaintiff Costas Provisions Corp was required to pay the seller for the lost or stolen truckloads of steaks since the Seller John Soules Meat had delivered the full order to the Defendants as shippers of the Plaintiff.
19. Plaintiff Costas Provisions Corp. has suffered damages of $294,208.04 + $320,859.59 = $615,067.63 plus loss of use, plus loss of additional money to purchase replacement product, plus legal fees and court costs.

**COUNT I**
**Violations of the "Carmack" Amendment under 49 U.S.C. §14706**
**(against all Defendants)**

20. Plaintiff Costas Provisions Corp. restates and incorporates herein the above paragraphs.
21. The "Carmack Amendment" under 49 U.S.C. §14706 makes a carrier that delivers property and provides transportation or service for the delivery of goods liable to the shipper for all losses occurring to the shipped products.
22. The "Carmack Amendment" creates a uniform federal law permitting recovery of the shipper's actual losses of the goods shipped interstate.
23. Plaintiff Costas Provisions Corp. was a shipper that retained the Defendants to ship two truckloads of steaks from Texas to Massachusetts.
24. Plaintiff Costas Provisions Corp. had a contract securing the motor carrier services from the Defendants.
25. The truckloads of steaks were delivered by the Seller John Soules Meat in good condition to the drop shipment location in Sunnyvale, Texas operated by Defendant Lineage Logistics LLC.
26. Defendant Coyote Logistics LLC agreed to provide Plaintiff Costas Provisions Corp. with shipping carrier services that entailed unbeknownst to Plaintiff the retention of co-defendants as actual motor carrier truck drivers to move the two truck loads of steaks from Sunnyvale, Texas to Massachusetts.
27. The two truckloads of steaks contracted by Plaintiff for shipping services from Sunnyvale, TX to Massachusetts were lost or stolen and never delivered to Plaintiff.

28. Plaintiff Costas Provision Corp. as purchaser of truckloads of steaks suffered financial damages from the Defendants' failing to deliver the contracted shipments from Sunnyvale, TX to the Plaintiff in Massachusetts.
29. Defendants as motor carriers and freight forwarders are liable to the Plaintiff under the Carmack Amendment of the Interstate Commerce Act (49 USC §14706) in the amount of $294,208.04 + $320,859.59 = $615,067.63 plus loss of use, plus loss of additional money to purchase replacement product, plus legal fees and court costs.

**<u>COUNT II</u>**
**Negligence**
**(against all Defendants)**

30. Plaintiff Costas Provisions Corp. restates and incorporates herein the above paragraphs.
31. Each Defendant had a duty of care owed to the Plaintiff Costas Provisions Corp. as owner of the truckloads of steaks located in cold storage in Sunnyvale, Texas.
32. The truckloads of steaks purchased by Plaintiff Costas Provision Corp. from John Soules Meat were delivered in good condition by the seller John Soules Meat to the cold storage in Sunnyvale, TX.
33. Each defendant owed a duty of care to the Plaintiff to ensure that the truckloads of steaks remained properly refrigerated or frozen from the time the truckloads were accepted from the Seller until such time as the truckloads were actually delivered to the Plaintiff Costas Provision Corp.
34. Plaintiff Costas Provision Corp. relied on each Defendant as motor carrier to properly handle the truckloads of steaks and deliver the truckloads to Plaintiff in Massachusetts without damage or other loss.
35. Plaintiff never received the two truckloads of steaks from the Sunnyvale, Texas drop-ship location.
36. At all times relevant from when the two truckloads of steaks arrived in good condition from the Seller to the Sunnyvale, TX drop-ship cold location, the Defendants accepted responsibility for the two truckloads as motor carriers and freight forwarders.

37. Each Defendant's actions or inactions in not securing the two truckloads of steaks whereby the two truckloads disappeared, were lost or stolen was a breach of each Defendant's duty of care owed to the Plaintiff.
38. The Defendants breach of its duty of care owed to the Plaintiff caused the Plaintiff to suffer damages in the amount of $294,208.04 + $320,859.59 = $615,067.63 plus loss of use, plus loss of additional money to purchase replacement product, plus legal fees and court costs.
39. Each Defendant collectively is liable to the Plaintiff Costas Provisions for the losses caused to Plaintiff by each Defendant's negligence.

**COUNT III**
**Violations of Good Faith and Fair Dealings**
**(against all Defendants)**

40. Plaintiff Costas Provisions Corp. restates and incorporates herein the above paragraphs.
41. Each Defendant operating in the interstate shipping and transportation services was required to complete its services in good faith and with fair dealings with the Plaintiff Costas Provisions Corp.
42. Plaintiff Costas Provisions Corp. retained Defendant Coyote and Lineage to secure the motor carriers to transport the two truckloads of steaks from Sunnyvale, TX to Plaintiff Costas Provisions Corp in Massachusetts.
43. Each Defendant owed a duty to execute its services in good faith and in a manner that was commercially fair to Plaintiff Costas Provisions Corp. as the Shipper.
44. Each Defendant violated its obligations to Plaintiff Costas Provisions when it failed to act with good faith in securing the two truckloads of steak to prevent damage and loss.
45. Each Defendant violated its obligations to fairly deal with Plaintiff Costas Provisions when each Defendant after losing or damaging the two truckloads of steaks failed or refused to compensate Plaintiff for its financial losses caused by the Defendants.
46. Each Defendant's failure or refusal to execute its obligations and perform its services of interstate transportation caused Plaintiff's two truckloads of steaks to become lost or stolen that caused the Plaintiff Costas Provisions to suffer in the amount of

$294,208.04 + $320,859.59 = $615,067.63 plus loss of use, plus loss of additional money to purchase replacement product, plus legal fees and court costs.

***WHEREFORE,*** the Plaintiff demands judgment against the Defendants by the following relief:

- Enter Judgment against the Defendants for violation of the Carmack Amendment of the Interstate Commerce Act (49 USC §14706;
- Enter Judgment against the Defendants for their negligence causing loss and damage to the Plaintiff's two truckloads of steaks;
- Enter Judgment against the Defendants for their violation of the doctrine of good faith and fair dealings in transporting the Plaintiff's two truckloads of steaks from Texas to Massachusetts which were lost, stolen and otherwise damaged;
- ENTER JUDGMENT damages in favor of the Plaintiff Costas Provisions Corp in the amount of $294,208.04 + $320,859.59 = $615,067.63 plus loss of use, plus loss of additional money to purchase replacement product, plus legal fees and court costs.
- Enter Judgment in favor of the Plaintiff for such other relief as this Court finds meet and just against the Defendants.

Dated: November 25, 2025

Respectfully submitted for Plaintiff,
COSTAS PROVISIONS CORP.,
By its attorney:

/s/ *Chaz R. Fisher*

Chaz R. Fisher (BBO#649059)
FISHER LEGAL PA
155 Southampton Street – Suite 201
Boston, MA 02118
TEL: 617-851-1560
FAX: 561-424-8106
Email: Chaz@Fisherlegalpa.com